1 | **LAQUER, URBAN, CLIFFORD & HODGE LLP**
Susan Graham Lovelace, State Bar #160913
  Email: Lovelace@luch.com
Michael Y. Jung, State Bar #245260
  Email: mjung@luch.com
225 South Lake Avenue, Suite 200
Pasadena, California 91101-3030
Telephone: (626) 449-1882
Facsimile: (626) 449-1958

Attorneys for Plaintiff, Trustees of the
Operating Engineers Pension Trust

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>K.C. EQUIPMENT, INC., a California corporation, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:18-cv-9460<br><br>**COMPLAINT FOR PAYMENT OF WITHDRAWAL LIABILITY**<br><br>[29 U.S.C. § 1451] |

///

///

///

Plaintiff, Trustees of the Operating Engineers Pension Trust, complains and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this case pursuant to section 4301(c) of the Employee Retirement Income Security Act of 1974 ("ERISA") [29 U.S.C. § 1451(c)], which grants the United States District Courts exclusive jurisdiction over civil actions brought to enforce withdrawal liability obligations. Such jurisdiction exists without respect to the amount in controversy.

2. Venue is conferred upon this Court by section 4301(d) of ERISA [29 U.S.C. § 1451(d)], which states that an action brought pursuant to section 4301 of ERISA [29 U.S.C. § 1451] to enforce withdrawal liability obligation may be brought in the district where the plan is administered or where a defendant resides or does business. The plan on whose behalf the plaintiff brings this action is administered in this district by an administrative corporation with its principal place of business located in Los Angeles County, California. Jurisdiction and venue are properly grounded with this Court.

## PARTIES

3. Plaintiff is the board of trustees ("Trustees") of the Operating Engineers Pension Trust ("Trust"), an express trust created pursuant to a written declaration of trust ("Trust Agreement"). The Trust Agreement is between the International Union of Operating Engineers, Local Union No. 12 ("Local 12"), and various employer associations in the construction industry in Southern California and Southern Nevada. The Trust is now, and was at all times material to this action, an "employee pension benefit plan" as defined in section 3(2) of ERISA [29 U.S.C. § 1002(2)], a "multiemployer plan" as defined in sections 3(37) and 4001(a)(3) of ERISA [29 U.S.C. §§ 1002(37), 1301(a)(3)], and a labor-management multiemployer trust created and maintained pursuant to section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA") [29 U.S.C. § 186(c)(5)].

4. The Trustees are "fiduciar[ies]" with respect to the Trust as defined in section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)], and the Trustees are the "plan sponsor" within the meaning of sections 3(16)(B)(iii) and 4001(a)(10)(A) of ERISA [29 U.S.C. §§ 1002(16)(B)(iii), 1301(a)(10)(A)].

5. The Trustees are informed and believe, and thereon allege, that at all times material herein, defendant K.C. Equipment, Inc. ("K.C. Equipment") was and is a California corporation doing business in San Diego County, California.

## CLAIM FOR RELIEF

### (Payment of Withdrawal Liability Against all Defendants)

6. The Trustees hereby incorporate by reference paragraphs 1 through 5 above to the same effect as if set forth here verbatim.

7. Defendants Does 1 through 10 are entities and/or persons that are within the same control group as K.C. Equipment under section 4001(b)(1) of ERISA [29 U.S.C. § 1301(b)(1)]. K.C. Equipment did not identify any entities or persons within the same control group in response to the Trustees' request pursuant to section 4219(a) of ERISA [29 U.S.C. § 1399(a)]. Therefore, the Trustees presently do not know the identities of such entities or persons. Pursuant to Fed. R. Civ. P. 15(a), the Trustees will amend the Complaint to add the true names of the additional defendants once their identities are discovered.

8. At all times material herein K.C. Equipment was a participating employer in the Trust, and paid contributions to the Trust pursuant to a written collective bargaining agreement ("Agreement") between K.C. Equipment and Local 12. Local 12 is a "labor organization" as defined in section 2(5) of the National Labor Relations Act ("NLRA") [29 U.S.C. § 152(5)], that represents employees in an industry affecting interstate commerce.

9. At all times material herein, K.C. Equipment has been an employer within the meaning of section 3(5) of ERISA [29 U.S.C. § 1002(5)] and section 2(2) of the

NLRA [29 U.S.C. § 152(2)], and was engaged in an industry affecting commerce within the meaning of sections 3(11) and 3(12) of ERISA [29 U.S.C. §§ 1002(11), 1002(12)].

10. The Trustees are informed and believe, and thereon allege that on or about July 1, 2016, K.C. Equipment effected a complete "withdrawal" from the Trust within the meaning of section 4203(b)(2) of ERISA [29 U.S.C. § 1383(b)(2)].

11. The Trustees are informed and believe, and thereon allege that at all times material herein K.C. Equipment and Does 1 through 10 have been trades or businesses under common control, and are considered a "single employer" pursuant to section 4001(b)(1) of ERISA [29 U.S.C. § 1301(b)(1)]. As a "single employer," K.C. Equipment and Does 1 through 10 are jointly and severally liable for each other's withdrawal liability.

12. By letter dated May 1, 2018, the Trustees notified K.C. Equipment of the $47,658.59 assessment for withdrawal liability, owed by K.C. Equipment to the Trust pursuant to sections 4201 *et seq.* of ERISA [29 U.S.C. §§ 1381 *et seq.*]. The assessment of withdrawal liability demanded that K.C. Equipment either make a lump sum payment of $47,658.59, or pay that sum, plus interest, in 13 monthly installment payments. These amounts were calculated in accordance with section 4211 of ERISA [29 U.S.C. § 1391].

13. Any dispute concerning a determination of withdrawal liability must be resolved through timely arbitration initiated under section 4221(a) of ERISA [29 U.S.C. § 1401(a)]. As of the date of this complaint, K.C. Equipment and Does 1 through 10 have failed to timely initiate arbitration pursuant to section 4221(a) of ERISA [29 U.S.C. § 1401(a)]. By failing to timely initiate arbitration, K.C. Equipment and Does 1 through 10 waived any defenses or objections to the claim for withdrawal liability.

14. K.C. Equipment and Does 1 through 10 failed to pay the withdrawal liability as a lump sum, and have failed to make any of the required monthly installment payments. By letter dated July 24, 2018, the Trustees notified K.C. Equipment of its failure to make any of the required monthly installment payments, and pursuant to

section 4219(c)(5)(A) of ERISA [29 U.S.C. § 1399(c)(5)(A)], demanded that K.C. Equipment timely cure this failure. As of the date of this complaint, no payments have been made by K.C. Equipment, or any other entity, and the period for cure has lapsed. K.C. Equipment is in "default" as defined in section 4219(c)(5) of ERISA [29 U.S.C. § 1399(c)(5)]. In the event of default, the Trustees may accelerate withdrawal liability pursuant to section 4219(c)(5) of ERISA [29 U.S.C. § 1399(c)(5)], and demand the full lump sum due. The Trustees seek judgment against K.C. Equipment and Does 1 through 10 for the entire amount of outstanding withdrawal liability due in the sum of $47,658.59.

15. Section 4301(a) of ERISA [29 U.S.C. § 1451(a)] authorizes the Trustees to bring this legal action to collect the withdrawal liability owed by K.C. Equipment to the Trust. Section 4301(b) of ERISA [29 U.S.C. § 1451(b)] states that if a legal action is required to collect withdrawal liability, the liability shall be treated in the same manner as a claim for delinquent contributions made pursuant to section 515 of ERISA [29 U.S.C. § 1145]. In any legal action brought to enforce section 515 of ERISA [29 U.S.C. § 1145], the plan is entitled to collect the delinquent contributions, as well as liquidated damages, interest, attorneys' fees, and costs, pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)]. Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], the Trust Agreement and the Agreement, the Trustees seek a judgment including the withdrawal liability in the amount of $47,658.59, plus liquidated damages, interest, attorneys' fees, and costs. Pursuant to section 502(g)(2)(E) of ERISA [29 U.S.C. § 1132(g)(2)(E)], the Court may also award the Trustees other appropriate legal or equitable relief.

## PRAYER

Based on the above allegations, the Trustees pray for judgment against all Defendants as follows:

1. For unpaid withdrawal liability in the amount of $47,658.59;
2. For liquidated damages in amounts as proved;

3. For interest at the applicable rate on all amounts due from their respective due dates and thereafter post-judgment;

4. For the Trustees' reasonable attorneys' fees and costs of suit incurred, in amounts as proved; and

5. For such additional relief as this Court deems just and proper pursuant to section 502(g)(2)(E) of ERISA [29 U.S.C. § 1132(g)(2)(E)].

Dated: November 7, 2018         LAQUER, URBAN, CLIFFORD & HODGE LLP

By: */S/ - Susan Graham Lovelace*
    Susan Graham Lovelace, Attorneys for Plaintiff
    Trustees of the Operating Engineers Pension Trust

## WAIVER OF JURY RIGHT

Dated: November 7, 2018         LAQUER, URBAN, CLIFFORD & HODGE LLP

By: */S/ - Susan Graham Lovelace*
    Susan Graham Lovelace, Attorneys for Plaintiff
    Trustees of the Operating Engineers Pension Trust